.
KEKER & VAN NEST LLP
BENEDICT Y. HUR - # 224018
bhur@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant NEST LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAGEDORN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NEST LABS, INC.,<br><br>    Defendant. | Case No. 3:14-cv-00755-JST<br><br>**DEFENDANT NEST LABS, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>Judge:      Hon. Jon S. Tigar<br><br>Complaint Filed:  February 19, 2014 |

813125

**INTRODUCTION**

Pursuant to Northern District Local Rules 3-12 and 7-11, Defendant Nest Labs, Inc.[1] hereby opposes Justin Darisse's Administrative Motion to Relate *Darisse v. Nest Labs, Inc.*, Case No. 3:14-CV-01363-JSW, filed on March 25, 2014 ("*Darisse*"), to *Hagedorn v. Nest Labs, Inc.*, Case No, 3:14-CV-00755-JST, filed on February 19, 2014 ("*Hagedorn*").[2] As explained further below, relation of the cases is unwarranted because they involve entirely different claims of alleged product defects, and to the extent that the cases proceed past the pleadings stage, resolution of each action will turn on different facts and issues. Accordingly, allowing the cases to proceed before different Judges will not result in duplication of labor or inconsistent results.

**ARGUMENT**

Civil Local Rule 3-12 provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Neither factor is present here.

Although both cases are class actions brought against Nest Labs, Inc. alleging defects in the Nest Learning Thermostat, the similarities end there. The Nest Learning Thermostat is a small but powerful computer containing industry-leading technology. Nest Labs, Inc., the maker of the thermostat, is a Defendant in both actions, but the cases do not share common plaintiffs and therefore do not involve the same "parties." Civ. L. R. 3-12(1). Nor do the cases concern real or intellectual "property." *Id.* Moreover, as explained further below, the cases involve fundamentally different aspects of the Nest thermostat's technology and different alleged misrepresentations in Nest's advertisements.[3] Accordingly, the *Hagedorn* and *Darisse* cannot be said to concern the same "transaction or event." *Id.*.

---

[1] On February 7, 2014, Google Inc. acquired Nest Labs, Inc.

[2] Defendant Nest Labs, Inc. was not served with Plaintiff's Motion as required by Civil Local Rule 3-12(b). By filing this opposition, Defendant does not waive its right to challenge Plaintiff's failure to serve the motion.

[3] Undersigned counsel has conferred with counsel for the *Hagedorn* class, Phyllis Norman. *Hagedorn* counsel's position is that the defect alleged in *Hagedorn* is different from the defect alleged in *Darisse*.

Nor does it "appear[] likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L. R. 3-12(2). The gravamen of the *Hagedorn* Complaint relates to alleged failures in the Nest thermostat's power source. Plaintiff in the *Hagedorn* case alleges that the Nest thermostat draws a battery charge by sharing power from certain wires connected to the user's heating and air conditioning unit—rather than requiring installation or use of a dedicated power wire (known as a "C" wire) like other "smart" thermostats—and that Nest's battery eventually dies and causes the device to fail. *Hagedorn*, Dkt. 20 at ¶13-30.

The *Darisse* Complaint, on the other hand, asserts that the Nest thermostat cannot correctly gauge the ambient temperature in a room because its base and faceplate heat up, causing the thermostat to calculate that the ambient temperature is warmer than the true ambient temperature. *Darisse*, Dkt.1 at ¶3-4. The Plaintiff alleges that, as a result, Nest users' air conditioners cool households more than necessary, thereby causing users' energy costs to increase. *Id*. The *Darisse* complaint does not mention the "C" wire and does not allege defects in the Nest thermostat's power source.

Because the actions turn on the resolution of distinct facts relating to different technologies within the device, to the extent that the cases require discovery and motion practice, they are unlikely to overlap much at all. *See ESS Tech., Inc. v. PC-Tel, Inc.*, C-99-20292 RMW, 2001 WL 1891713, at *6 (N.D. Cal. Nov. 28, 2001) (denying motion to relate cases under Civil Local Rule 3-12 where cases shared a common issue but resolution of the issue was "dependent of a multitude of case-specific facts and issues"). Nor do the two cases contain identical causes of action or legal theories. *Darisse*, Dkt. 1 at 22-29 (alleging, among other things, violations of the California False Advertising Law, Breach of Express Warranty, Breach of the Implied Warranty of Merchantability, and Breach of the Implied Warranty of Fitness for a Particular Purpose); *Hagedorn*, Dkt. 20 at 8-11 (containing no such allegations). Tellingly, Plaintiff's one-paragraph notice makes no showing whatsoever that there are efficiencies to be gained by having both cases heard by a single Judge. *Hagedorn*, Dkt. 19 at 1.

In the absence of such a showing, interpreting Local Rule 3-12 to allow for relation of

2

these cases would mean that cases could be related before a single Judge whenever they involved the same product, regardless of the differences between the claims. Plaintiff has not cited any case interpreting the Rule so broadly and doing so would not result in increased judicial efficiency.

## CONCLUSION

For the foregoing reasons, Defendant Nest Labs, Inc. respectfully requests that the Court DENY Plaintiff's Motion to Relate Cases.

Dated:  April 1, 2014                                        KEKER & VAN NEST LLP


                                                   By:    /s/ Simona A. Agnolucci
                                                          SIMONA A. AGNOLUCCI

                                                          Attorneys for Defendant
                                                          NEST LABS, INC.

813125