1 PATRICK W. EMERY, ESQ., SB #061050
ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
2 100 Stony Point Road, Suite 200 (95401)
P.O. Box 1566
3 Santa Rosa, CA 95402-1566
Telephone: 707-542-5050
4 Facsimile: 707-542-2589

5 BRETT EMISON, ESQ., *Pro Hac Vice*
ADAM W. GRAVES, ESQ., *Pro Hac Vice*
6 PHYLLIS A. NORMAN, ESQ., *Pro Hac Vice*
LANGDON & EMISON
7 911 Main Street
P.O. Box 220
8 Lexington, MO 64067
Telephone: 660-259-6175
9 Facsimile: 660-259-4571

10 ERIC L. DIRKS, ESQ., *Pro Hac Vice*
WILLIAMS DIRKS DAMERON, LLC
11 1100 Main Street, Suite 2600
Kansas City, MO 64105
12 Telephone: 816-876-2600
Facsimile: 816-221-8763

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAGEDORN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEST LABS, INC.,<br><br>Defendant. | Case No. 3:14-cv-00755-VC<br><br>**PLAINTIFF'S STATEMENT REGARDING JURISDICTION AND NATIONWIDE APPLICATION OF CALIFORNIA LAW** |

At the initial case management conference, the Court questioned: (1) whether it has diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"); and (2) whether it has the ability to apply California law to a nationwide class of Nest consumers. This brief responds

1

to both questions from Plaintiff's perspective.

## I. The Court appears to have CAFA jurisdiction but more information is necessary.

This case is brought on behalf of a nationwide class of purchasers of the Nest Thermostat. Pursuant to 28 U.S.C. § 1332(d), the Court has federal diversity jurisdiction if Defendant can show diversity of citizenship of any party and an amount in controversy of $5 million. Once this is established, then the Court *shall* decline jurisdiction pursuant to § 1332(d)(4) if the class consists of more than 2/3 California citizens. And the Court *may* decline jurisdiction pursuant to §1332(d)(3) if, among other things, the class consists of more than one-third California citizens.

Plaintiff's counsel has requested that Defendant provide information regarding the number of thermostats sold in California in order to report back to the Court with respect to the analyses under §§ 1332(d)(3)&(d)(4). To date, Defendant has not provided conclusive information, but defense counsel has indicated that the number of class members from California will be less than 1/3 of the nationwide class. Based on this representation, Plaintiff understands that this Court would have jurisdiction over the nationwide class.

## II. Application of California law to non-Californians.

At the case management conference the Court expressed concerns about applying California law to a nationwide class absent the existence of a choice of law agreement. The Court may apply California law to non-Californians under at least two circumstances. First, the Court may apply California law if there is a choice of law agreement. Second, the Court may apply California law to non-Californians pursuant to California's governmental interest test.

Nest uses a choice of law agreement that applies California law to all Nest purchasers who make their purchase online. See Nest's Sales Terms ¶ 18, found at https://nest.com/legal/sales-terms/. Plaintiff has requested information from Defendant regarding

the number of online purchasers and California purchasers. To date, Plaintiff has not received this information. Nest also chooses to apply California law to all customers nationwide for disputes arising out of Nest's end-user license agreement. See Nest's End User License Agreement ¶ 13, found at https://nest.com/legal/eula/. The scope of the end user license agreement and whether it applies to all purchasers for the purpose of this case is yet to be determined. As a result, Nest has multiple choice of law provisions, and, at a minimum, California law applies to an unknown number of online purchasers. Plaintiff has served discovery on the choice of law issue but responsive answers and documents have not yet been produced.

Absent a choice of law provision, the Court may still apply California law to residents of other states. In doing so, the court analyzes the governmental interests of various jurisdictions involved to select the most appropriate law. *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 590 (9th Cir.2012)). ***First***, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. *Id*. ***Second***, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. *Id*. ***Third***, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied. *Id*.

Plaintiff bears the initial burden of demonstrating that California has "'significant contact or significant aggregation of contacts'" to the claims of each class member. *Id.* at 590. Once a

plaintiff has made this showing, the burden then shifts to the defendants to demonstrate that foreign law, rather than California law should apply to class claims." *Id.*

Here, there is no legitimate dispute that California has significant contact to the claims of each class member. Nest is headquartered in California and has its operations in California. The product was designed in California and all knowledge about the defect and how to respond to it emanated from California. Plaintiff alleges that Nest's activities, including its concealment of the known defect, took place exclusively in California. Bolstering the reasons to apply California law in this case is Nest's own use of choice of law provisions and the nature of the product. Nest continues to provide services (governed by California law) through its wireless communication with each customer's device. And Nest expects all of its customers to use Nest's website and software. When the purchaser goes to the website, the truth about the defective power stealing design remains concealed. Unlike other product defect cases, the purchase of the product is not the last contact the customer has with the product manufacturer. Here, the customer, regardless of where he or she lives, continues to have a California connection because the Nest thermostat continues to be operated from California and the concealment continues to emanate from California. As such, Plaintiff – at this stage – can meet her burden to show that California has "significant contact or significant aggregation of contacts" to the claims of each class member.

Further, although it is Defendant's burden to show that the law of California and Missouri differ, the law of the two states is the same in all material respects. Both the Missouri and California consumer protection statutes provide for damages, punitive damages and attorneys' fees. And each provides a cause of action for the type of concealment as is alleged in this case. *Compare* Mo. Code Regs. Ann. tit. 15, § 60-9.010 ("Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or

which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner."); with *Falk v. General Motors Corp.,* 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) ("In order for non-disclosed information to be material, a plaintiff must show that 'had the omitted information been disclosed, one would have been aware of it and behaved differently.' Materiality, for CLRA claims, is judged by the effect on a 'reasonable consumer.'") (inner citations omitted). As such, there is no actual conflict between Plaintiff's claim under Missouri law and under California law.

In any event, it is Plaintiff's position at this early stage of the litigation, that the issue regarding whether or not California law applies is premature. The determination is made on a case-by-case basis and requires a factual analysis. Indeed, numerous other courts have held that it is premature to dismiss a nationwide class prior to the class certification stage: *See In re Clorox Consumer Litig.,* 894 F. Supp. 2d 1224, 1237 (N.D. Cal 2012) ("Significantly, *Mazza* was decided on a motion for class certification, not a motion to strike. At this stage of the instant litigation, a detailed choice-of-law analysis would be inappropriate."); *Donohue v. Apple, Inc.,* 871 F. Supp. 2d 913, 923 (N.D. Cal. 2012) ("Although *Mazza* may influence the decision whether to certify the proposed class and subclass, such a determination is premature [at the pleading stage]."); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) ("once the relevant facts of the case have been explored during discovery, it is possible that Plaintiff could narrow or define the class in such a way at the class certification stage to make any differences between applicable laws immaterial. Moreover, should choice-of-law analysis appear to pose problems at the class certification stage, Plaintiff could seek to certify subclasses

5

of putative class members from individual states or subclasses of class members from groups of states with consumer protection laws that are not materially different.").

The parties have begun to conduct discovery, but prior to understanding the scope of the choice of law provisions and determining California's connection to the case, it is premature to determine the scope of the class. Plaintiff is simply not yet in a position to do so prior to some discovery. For example, Plaintiff has served discovery on topics which touch on the issue, including:

- All documents referring to or relating to choice of law and/or choice of forum clauses in any contracts, warranties, sales terms, licenses and/or agreement involving the sale of Nest Thermostats to or from consumers and or third parties such as wholesalers and/or distributors.

- Please identify any choice of law provision relating to the sale or use of Nest Thermostats to purchasers including but not limited to consumers and retailers.

- Please identify the total number of Nest Thermostats sold by state for each year beginning the first year it was commercially available.

As such, it is Plaintiff's position that the Court should take up the issue of nationwide certification at the class certification stage – or at least after Plaintiff's first round of discovery has occurred.

Finally, even if the Court were to strike the Nationwide claims based on *Mazza*, the following claims would remain viable at a very minimum: (1) a Missouri subclass; (2) a subclass of California residents; and (3) a subclass of online purchasers for whom California law applies.

### **CONCLUSION**

Plaintiff believes that given several unanswered questions it is premature to limit the size and scope of the class. Plaintiff needs to understand the makeup of the class and also needs to

conduct limited discovery on the choice of law issue prior to taking a firm position on the proper scope of the class. Plaintiff understands the Court's concerns and will be prepared to voluntarily limit the scope of the class in the event discovery reveals that a nationwide class action applying California law is inappropriate.

DATED: July 10, 2014.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Eric L. Dirks

　　　　　　　　　　　　　　　　　ERIC L. DIRKS, ESQ., *Pro Hac Vice*
　　　　　　　　　　　　　　　　　WILLIAMS DIRKS DAMERON, LLC

　　　　　　　　　　　　　　　　　PATRICK W. EMERY, ESQ., SB #061050
　　　　　　　　　　　　　　　　　ABBEY, WEITZENBERG, WARREN & EMERY, P.C.

　　　　　　　　　　　　　　　　　BRETT EMISON, ESQ., *Pro Hac Vice*
　　　　　　　　　　　　　　　　　ADAM W. GRAVES, ESQ., *Pro Hac Vice*
　　　　　　　　　　　　　　　　　PHYLLIS A. NORMAN, ESQ., *Pro Hac Vice*
　　　　　　　　　　　　　　　　　LANGDON & EMISON

　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2014, I electronically filed the foregoing with the court which will send notification of same to:

Benedict Y. Hur
Simona A. Agnolucci
KEKER & VAN NEST LLP

ATTORNEYS FOR DEFENDANT
NEST LABS, INC.

　　　　　　　　　　　　　　　　　/s/Eric L. Dirks