KEKER & VAN NEST LLP
BENEDICT Y. HUR - # 224018
bhur@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendant NEST LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAGEDORN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEST LABS, INC.,<br><br>Defendant. | Case No. 3:14-cv-00755-VC<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**<br><br>Judge:     Hon. Vince Chhabria<br><br>Complaint Filed: February 19, 2014 |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

   a) The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

   b) Defendant appoints Simona Agnolucci (outside counsel) as its e-discovery liaison

   c) Plaintiff appoints Eric Dirks (Class Counsel).

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

   a) Only ESI created or received from June 30, 2010 through June 27, 2014 will be preserved (non-privileged documents created going forward shall be preserved in the ordinary course of business);

   b) The parties have discussed the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

   c) The parties have preliminarily agreed to document limit the initial custodians to the number of individuals identified as "key players," including but not limited to

1

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 3:14-cv-00755-VC

825500

research and development, testing, marketing, customer service and engineering custodians.  Plaintiff expects he will have more information about the proper custodians after the 30(b)(6) deposition and will work with Defendant to narrow the final list of custodians. If, after reviewing the documents provided by those custodians and the 30(b)(6) deposition, either party wishes to seek documents from additional custodians, the parties agree to negotiate in good faith.

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced, absent good cause:

1. backup systems and/or tapes used for disaster recover; and

2. systems no longer in use that cannot be accessed.

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

1. voicemail messages, except for any voicemail message that a party is aware or reasonably should be aware is relevant to any claim or defense;

2. information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

3. instant messages, except for any instant message that a party is aware or reasonably should be aware is relevant to any claim or defense;

4. automatically saved versions of documents and emails;

5. video and audio recordings, except for video or audio recordings used to demonstrate the design or functionality of the Nest thermostat, used for training purposes, used as advertisements/marketing, or that a party is aware or reasonably should be aware is relevant to any claim or defense;

6. deleted, slack, fragmented, or other data accessible only by forensics, absent good cause;

7. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

8. on-line access data such as temporary internet files, history, cache, cookies and the like;

9. dynamic fields of databases or log files that are not retained in the usual course of business;

10. data in metadata fields that are frequently update automatically, such as last opened dates and

11. server, system, network or application logs.

f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should

2
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 3:14-cv-00755-VC

825500

    not be preserved: NA.

**5.**   **SEARCH**

  a)   The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

  b)   Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process.  Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.  Additional culling of system file types based on file extension may include, but are not limited to:  WINNT, LOGS, DRVS, C++ Program File (c), C++ Builder 6 (cpp), Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertext Cascading Style Sheet (css), JavaScript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 Event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), Program Installers.

  c)   Each party is required to produce only a single copy of a responsive document and each party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For emails with attachments, the hash value is generated based on the parent/child document grouping. In an email thread, only the final-in-time document need be produced, assuming that all previous emails in the thread are contained within the final message. Where a prior email contains an attachment, that email and attachment shall not be removed as a "near-duplicate." To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed method of de-deduplication.

3
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 3:14-cv-00755-VC

825500

**6.     PRODUCTION FORMATS**

The parties agree to produce documents in ☐ PDF, ☒TIFF, ☒native and/or ☒paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7.     PHASING**

  a)     When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI.

  b)     Defendant's initial production will be from the following sources and custodians:  See Paragraph 4(c).

  c)     Plaintiff's initial production will be from the following sources and custodians: Plaintiff, family members and any agents whose documents are within his possession custody or control.

  d)     Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8.     DOCUMENTS PROTECTED FROM DISCOVERY**

  a)     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.  b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if

4

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 3:14-cv-00755-VC

appropriate. If communications are identified by category, then the party shall also list the number of communications and date range of the communications.

        b)      Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

### 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 29, 2014                                    KEKER & VAN NEST LLP

                                                              By:   */s/ Simona A. Agnolucci*
                                                                            BENEDICT Y. HUR
                                                                            SIMONA A. AGNOLUCCI

                                                                            Attorneys for Defendant
                                                                            NEST LABS, INC.

Dated: July 29, 2014                                    WILLIAMS DIRKS DAMERON LLC

                                                             By:   */s/ Eric L. Dirks*
                                                                            ERIC L. DIRKS

                                                                            Attorneys for Plaintiff
                                                                            THOMAS HAGEDORN

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: July 29, 2014        */s/ Simona A. Agnolucci*
                            Simona A. Agnolucci

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: July 30, 2014

UNITED STATES DISTRICT JUDGE